09-5109-ag
Kaur v. Holder

BIA
A073 507 467

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 9th day of February, two thousand eleven.

PRESENT:
> REENA RAGGI,
> PETER W. HALL,
> GERARD E. LYNCH,
> *Circuit Judges.*

_____

HARMINDER KAUR,
> *Petitioner,*

    v.                   09-5109-ag
                                  NAC

ERIC H. HOLDER, JR., UNITED STATES ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONER:      Jaspreet Singh, Jackson Heights, New York.

FOR RESPONDENT:     Tony West, Assistant Attorney General; Mary Jane Candaux, Assistant Director; Stefanie A. Svoren, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED.

Petitioner Harminder Kaur, a native of India, seeks review of the November 16, 2009, order of the BIA denying her motion to reopen. *In re Harminder Kaur*, No. A073 507 467 (B.I.A. Nov. 16, 2009). We review the BIA's denial of a motion to reopen for abuse of discretion. *See Ali v. Gonzales*, 448 F.3d 515, 517 (2d Cir. 2006). When the BIA evaluates country conditions evidence submitted with a motion to reopen, however, we review those findings for substantial evidence. *See Jian Hui Shao v. Mukasey*, 546 F.3d 138, 169 (2d Cir. 2008). We assume the parties' familiarity with the underlying facts and procedural history of the case.

The BIA did not abuse its discretion in denying Kaur's untimely motion to reopen. *See Ali*, 448 F.3d at 517. A motion to reopen must generally be filed no later than 90 days after the date on which the final administrative decision was rendered in the proceedings sought to be reopened. 8 C.F.R. § 1003.2(c)(2). There is no dispute that Kaur's motion to reopen, filed in January 2009, was untimely, where the IJ

2

issued a final *in absentia* order of exclusion in July 1995. *See id.*

The time and number limitations do not apply to a motion to reopen if it is "based on changed circumstances arising in the country of nationality or in the country to which deportation has been ordered, if such evidence is material and was not available and could not have been discovered or presented at the previous hearing." 8 C.F.R. § 1003.2(c)(3)(ii). In denying Kaur's motion to reopen, the BIA did not err in concluding that Kaur failed to demonstrate a material change in country conditions in India. *See Jian Hui Shao*, 546 F.3d at 169.

Contrary to Kaur's contentions, the BIA considered the evidence she submitted, and did not err in finding the documentary evidence inadequate. As the BIA noted, her documents were unauthenticated, lacked detail, and failed to explain how any changes in India's country conditions led to the government's interest in Kaur. Rather, the documents suggested that authorities sought Kaur for the same reason they allegedly sought her before she left. Furthermore, the U.S. Department of State's Country Report on Human Rights Practices in India for 2007 that Kaur submitted with her

3

motion did not state that conditions had worsened, but that "numerous serious problems *remained.*" (emphasis added). *See Qin Wen Zheng v. Gonzales*, 500 F.3d 143, 147 (2d Cir. 2007) (holding that "the BIA does not abuse its discretion in crediting the State Department reports in the face of uncorroborated anecdotal evidence to the contrary"). Accordingly, the BIA did not abuse its discretion in denying Kaur's motion to reopen based on its finding that the evidence Kaur submitted was insufficient to establish changed circumstances that would materially alter the outcome of her case. *See Jian Hui Shao*, 546 F.3d at 169. For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4